UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
BALTIMORE DIVISION

|  |  |
|---|---|
| Kimberly Walker, | : |
|  | : |
| Plaintiff, | : Civil Action No.: 1:15-cv-1560 |
| v. | : |
|  | : |
| Medicredit, Inc.; and DOES 1-10, inclusive, | : **COMPLAINT** |
|  | : |
| Defendants. | : |

For this Complaint, Plaintiff, Kimberly Walker, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. (the "TCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff, Kimberly Walker ("Plaintiff"), is an adult individual residing in Baltimore, Maryland, and is a "person" as defined by 47 U.S.C. § 153(39).

5. Defendant, Medicredit, Inc. ("Medicredit"), is a  business entity with an address of 3620 Interstate 70 Drive South East, Columbia, Missouri 65201-6582, operating as a collection agency, is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6), and is a

"person" as defined by 47 U.S.C. § 153(39).

6. Does 1-10 (the "Collectors") are individual collectors employed by Medicredit and whose identities are currently unknown to Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Medicredit at all times acted by and through one or more of the Collectors.

### ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

8. An individual allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Medicredit for collection, or Medicredit was employed by the Creditor to collect the Debt.

11. Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B. Medicredit Engages in Harassment and Abusive Tactics**

12. In or around December 2014, Medicredit began calling Plaintiff's cellular telephone, number 410-XXX-3849, in an attempt to collect the Debt from Plaintiff's father, Clem Walker, Jr. (the "Debtor").

13. Medicredit called Plaintiff from telephone number 888-213-9688 using an automatic telephone dialing system ("ATDS") and a prerecorded voice.

14. Plaintiff never provided her consent to receive automated calls form the Creditor or Medicredit.

15. When Plaintiff answered calls from Medicredit, she heard a prerecorded message

stating that Medicredit was a debt collection agency calling for the Debtor.

16. Plaintiff told Medicredit that it was not calling the correct number for the Debtor and requested that Medicredit stop calling her cellular telephone.

17. Nevertheless, Medicredit continued to place automated calls to Plaintiff in an attempt to reach the Debtor.

### C. **Plaintiff Suffered Actual Damages**

18. Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

19. As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

20. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

22. Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged Plaintiff in telephone conversations with the intent to annoy and harass Plaintiff.

23. Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect the Debt.

24. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA.

25. Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATIONS OF THE MARYLAND CONSUMER DEBT COLLECTION ACT
## MD. CODE COMM. LAW § 14-201, et seq.

26. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. Defendants are each individually a "collector" as defined under MD. Code Comm. Law § 14-201(b).

28. The debt is a "consumer transaction" as defined under MD. Code Comm. Law § 14-201(c).

29. Defendants repeatedly contacted Plaintiff with the intent to harass or abuse, in violation of MD. Code Comm. Law § 14-202(6).

30. Plaintiff is entitled to damages proximately caused by Defendants' violations.

## COUNT III
## VIOLATIONS OF THE TCPA
## 47 U.S.C. § 227, et seq.

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. At all times mentioned herein, Defendants called Plaintiff on her cellular telephone using an ATDS and a prerecorded voice without her prior express consent.

33. In addition, despite being directing to cease all calls, Defendants continued to place automatic telephone calls to Plaintiff's cellular telephone.  As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and is subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

34. The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

35. Plaintiff is entitled to an award of $500.00 in statutory damages for each call made in negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

36. Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each call made in knowing and/or willful violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Actual damages pursuant to MD. Code Comm. Law § 14-203;

5. Actual damages pursuant to MD. Ann. Code. Bus. Reg. § 7-401(b);

6. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C); and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: May 28, 2015

Respectfully submitted,

By   /s/ Sergei Lemberg
Sergei Lemberg, Esq.
LEMBERG LAW L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
ATTORNEYS FOR PLAINTIFF